BAKER MARQUART LLP
Jaime W. Marquart (Bar No. 200344)
 jmarquart@bakermarquart.com
Donald R. Pepperman (Bar No. 109809)
 dpepperman@bakermarquart.com
2029 Century Park East, Sixteenth Floor
Los Angeles, California 90067
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Plaintiff David Eghbali*

MARTIN D. BERN (State Bar No. 153203)
martin.bern@mto.com
MALCOLM A. HEINICKE (State Bar No. 194174)
malcolm.heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

*Attorneys for Defendant Wells Fargo Bank, N.A.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID EGHBALI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, a National Association, and WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-00373-JFW (KSx)<br><br>**STIPULATED ESI AND EMAIL PRODUCTION ORDER**<br><br>[DISCOVERY MATTER] |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated ESI and Email Production Order ("Stipulation") filed on June 8, 2018, the terms of the Stipulation to which the parties have agreed are adopted as an Order of this Court (which generally shall apply throughout the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs "1" and "5" of the Stipulation.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

The parties hereto hereby stipulate and agree, and request that the Court enter, the following Order to streamline the production of electronically stored information ("ESI") and electronic email ("email") to promote a "just, speedy, and inexpensive determination" of this action, as required by the Rule 1 of the Federal Rules of Civil Procedure. This Stipulation and Order is intended to supplement all other discovery rules and orders.

IT IS HEREBY ORDERED THAT:

1. This Order may be modified in the Court's discretion or by written agreement of the parties. **Any modification will take effect only upon court approval.** If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute(s) pursuant to Local Civ. Rule 37.

2. Absent a showing of good cause, requests for production under Rules 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

1

document was sent and received, as well as the complete distribution list, shall generally be included in the production if such field exists.

3. Absent written agreement of the parties or further order of this Court, the following parameters shall apply to ESI and email productions:

    a. **General Document Image Format**. Each electronic document shall be produced in single page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    b. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

    c. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

    d. **Native Files**. If a file cannot be converted to a TIFF file, such as an Excel spreadsheet, such materials shall be produced as a native file. Upon reasonable request, databases and spreadsheets containing voluminous data shall be produced in their native

1   format or a similar format that allows for the data to be converted
2   to a standard Excel spreadsheet or database.
3       4.      Before producing email, the parties shall exchange, at an agreed time, a
4 listing of up to the 15 most significant email custodians in view of the pleaded
5 claims and defenses.  The parties shall cooperate to identify the proper custodians,
6 proper search terms, and proper time frame.
7       5.      ~~The parties may jointly agree to modify the limits stated in Paragraph 4~~
8 ~~without the Court's leave.~~
9       6.      Pursuant to Rule 502(d) of the Federal Rules of Evidence, the
10 inadvertent production of a privileged or work product protected ESI or email is not
11 a waiver in the pending case or in any other federal or state proceeding.  The mere
12 production of ESI or email in this litigation as part of a mass production shall not
13 itself constitute a waiver for any purpose.
14      7.      Except as expressly stated, nothing in this Order affects the parties'
15 discovery obligations under the Federal or Local Rules.
16
17 **SO STIPULATED**:
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

3

| | |
|---|---|
| Dated:  June 8, 2018 | Respectfully submitted, |
| | BAKER MARQUART LLP<br>  Jaime W. Marquart<br>  Donald R. Pepperman |
| | By: _____*/s/ Jaime W. Marquart*_____ |
| | *Attorneys for Plaintiff David Eghbali* |
| | *The filer, Jaime W. Marquart, attests that the other signatory listed, on whose behalf this filing is submitted, concurs in the filing's content and has authorized the filing* |
| Dated:  June 8, 2018 | Respectfully submitted, |
| | MUNGER, TOLLES & OLSON LLP<br>  Martin D. Bern<br>  Malcolm A. Heinicke<br>  Craig A. Lavoie<br>  Allison M. Day |
| | By: _____*/s/ Malcolm A. Heinicke*_____ |
| | *Attorneys for Defendant Wells Fargo Bank, N.A.* |

**IT IS SO ORDERED:**

Dated: June 12, 2018

_____
Hon. Karen L. Stevenson
United States Magistrate Judge

4